# UNITED STATES DISTRIC COURT

For the
Western District of Texas
Waco Division

**F I L E D**

MAR 0 8 2017

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY CLERK



|  |  |
|---|---|
| **Eddie Alberto Roman** ) | Case No._____ |
| *Plaintiff* ) | **W17CA066** |
| ) | |
| v. ) | PLAINTIFF DEMAND TRIAL BY JURY |
| ) | |
| **Hatillo Cash & Carry INC** ) | |
| *Defendant No 1* ) | |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint:

#### A. The Plaintiff

Name: Eddie Alberto Roman

Street Address: 13721 FM 2305

City and County: Belton, Bell County

State and Zip Code: Texas 76513

E-Mail: ignorantiajurisnonexcusat@yahoo.com

#### B. The Defendants

Defendant No. 1

Name:  <u>Hatillo Cash & Carry Inc</u>

Street Address: <u>PR Highway 2 K.M. 87.1</u>

City and County: <u>Hatillo, County N/A</u>

State and Zip Code: <u>Puerto Rico, 00659</u>

## II. Basis for Jurisdiction

What is the basis for court jurisdiction? Federal Question

### A. If the Basis for Jurisdiction is a Federal Question

Violation of the title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101, Part 36.202- Denial of Participation and Part 36.206- Retaliation or Coercion

### III. Statement of Claim

1. On January 31st, 2016 at Approximate 13:34 HRS (Atlantic Standard Time), the plaintiff, Eddie Alberto Roman, a Disabled Veteran with his clearly marked Service Dog "Pilot" also known as a fully-accredited Service Dog Team, attempted to enter the defendant's Hatillo Cash & Carry Inc Supermarket, located at Highway 2, KM, 87.1 in Hatillo, Commonwealth of Puerto Rico to do some grocery shopping.  As soon as the Plaintiff, Eddie Alberto Roman entered, Store Shift Supervisor who identified himself as Alexis Morales, stated that he could not be in the supermarket with the dog, to which the plaintiff, Eddie A Roman replied with a question, "I cannot come in with a

pg. 2

service dog?" to which Mr. Morales replied "No,No,No,. The plaintiff Eddie Alberto Roman to proceeded asked again to which, Mr., Alexis Morales replied that there was a law that prohibited dogs from coming into supermarkets in Puerto Rico. The plaintiff, Mr. Eddie Alberto Roman, asked for a third time if there was a law prohibiting service dog to accompanied disabled person in the supermarket to which he replied he needed to consult with upper management to see if the plaintiff, Eddie Alberto Roman was to be allowed access to the supermarket to which plaintiff Eddie Alberto Roman replied angrily that he just denied him entrance into the store. The plaintiff, Mr. Eddie Alberto Roman proceeded to explained the requirement under the American with Disabilities Act and pointed out that his dog was indeed like a cane would be to a person with mobility issues and that denying full access to service dog team was against the law, to which Mr. Morales replied again with the same remark of a law that prohibited dogs from coming in to the supermarket. Knowing there was no way he was not going be to allowed full access to the Supermarket the plaintiff, Eddie A Roman asked for his name and position, at this point supervisor simply walked away and the Plaintiff left the supermarket without completing his purchase to avoid any trouble. On a letter dated December 8 2016, The defendant's Hatillo Cash & Carry Inc thru their attorney Carlos Pastrana Lizardi stated and admitted that the Defendant, Eddie Alberto Roman was never denied entrance into the establishment since plaintiff was already inside the establishment and it was while inside the store that the plaintiff was told he could be not be with his service dog. By denying

FULL ACCESS to the plaintiff, Mr. Eddie Alberto Roman and his service companion "Pilot" together, the defendant, Hatillo Cash & Carry Inc effectively committed a civil right violation by not following the mandate under Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101, Part 36.202- Denial of participation. Causing him extreme public embarrassment and humiliation in front of other patrons, store employees and his friend which therefore cause the plaintiff, Mr. Eddie Alberto Roman, extreme anxiety and depression.

## IV. Relief

Because of the Defendants, Hatillo Cash & Carry Inc breach of their obligation and discriminatory conduct, Plaintiff Eddie Alberto Roman suffered depression, fear, anxiety, was subjected to public humiliation, became nervous for not being able to enter the Supermarket with his service dog to get something to purchase groceries.

Because of the defendants, Hatillo Cash & Carry, discriminatory conduct, Plaintiff Eddie Alberto Roman has suffered much and has become house-ridden, not daring to go out for fear that he will be rejected everywhere, as he was rejected at the Hatillo Cash & Carry located in Hatillo, Commonwealth of Puerto Rico.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Eddie Alberto Roman prays that Defendants, Hatillo Cash & Carry INC be cited to appear and answer and that upon hearing Plaintiff have the following:

1. Requiring all Hatillo Cash & Carry INC in Puerto Rico to have wording that service dogs are allowed at their entrance in both English and Spanish.

2. That all Hatillo Cash & Carry personnel, including management and employees receive proper initial and refresher training on the American with Disabilities act requirements regarding service dogs.

3. An award or other relief as the court considers to be appropriate, including monetary damages to which Plaintiff show himself entitle to received

4. Such other and further relief, whether at law or equity, whether at law or in equity law or in equity, to which he may show himself entitle to receive.

## V. Certification and Closing.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint : (1)  is not being presented for an improper purpose, such as to harass, cause unnecessary delay, needlessly increase the cost of litigation; (2) is supported by existing law or by a no frivolous argument for extending, modifying, or reversing existing law; (3) factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after reasonable opportunity for further investigation or discovery; (4) the complaint otherwise complies the requirement of Rule 11.

A. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Date of signing: _march 8, 2017_

Signature of Plaintiff: _[signature]_

Printed name of Plaintiff: _Eddie Alberto Roman_